1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  TOM BLAKE
   Deputy Attorney General
3  State Bar No. 51885
     455 Golden Gate Avenue, Suite 11000
4    San Francisco, CA 94102-7004
     Telephone: (415) 703-5506
5    Fax: (415) 703-5480

6  Attorneys for the Superior Court of California, County
   of Santa Cruz and the Honorable Irwin Joseph,
7  Commissioner of the Superior Court

8
                    IN THE UNITED STATES DISTRICT COURT
9
                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
                          SAN FRANCISCO DIVISION
11

12 | HUGH HOWARD,                              | C-07-3858 MHP

13 |                              Plaintiff,   | NOTICE OF HEARING; MOTION
                                               | TO DISMISS COMPLAINT [Rule
14 | v.                                        | 12(b), F.R.C.P., ]; POINTS AND
                                               | AUTHORITIES IN SUPPORT
15 | THE SUPERIOR COURT OF CALIFORNIA,         | THEREOF
   | SANTA CRUZ COUNTY, DEPARTMENT 4,
16 |                                           | Date:   November 19, 2007
   | and                                       | Time:   2:00 p.m..
17 |                                           | Ctrm:   15 -- 18th Floor
   | COMMISSIONER IRWIN JOSEPH
18 |
   |                              Defendants
19 |

20
            TO: PLAINTIFF HUGH HOWARD:
21
            PLEASE TAKE NOTICE that on November 19, 2007, at 10:30 a.m., in courtroom 15 of the
22
   United States Courthouse, located at 450 Golden Gate Avenue, San Francisco, CA 94102,
23
   defendants Superior Court of the State of California, County of Santa Cruz (sued herein as "The
24
   Superior Court of California Santa Cruz County Department 4") and the Honorable Irwin Joseph,
25
   Commissioner of the Superior Court, will move for an order pursuant to Rule 12(b), Federal Rules
26
   of Civil Procedure, dismissing the complaint and each of the causes of action alleged therein against
27
   moving defendants on the grounds that the Court is without subject matter jurisdiction in this
28

Notice of Hearing; Motion to Dismiss Complaint; Points and Authorities        Case No. CV-07-3858 MHP
                                              1

domestic relations matter; that this Court is without jurisdiction as to the State of California and the courts and judicial branch officials thereof; and that the complaint fails to state a claim upon which relief can be granted against the State of California and its courts and its judicial officers.

This motion is based on this Notice of Motion, the accompanying papers, all other papers and pleadings on file herein, and on such oral and documentary evidence as may be presented at the hearing, if any.

## MOTION TO DISMISS

Defendants Superior Court and the Honorable Irwin Joseph, Commissioner of the Superior Court, move to dismiss the complaint on file herein on the specific grounds that the Court is without subject matter jurisdiction in this domestic relations matter; that this court is without jurisdiction as to the State of California and the courts and judicial branch officials thereof; and that the complaint fails to state a claim upon which relief can be granted against the moving defendants.

WHEREFORE, moving defendants pray as follows:

1. That the complaint on file herein and each claim for relief alleged therein be dismissed as against moving defendants, and

2. That plaintiff be ordered to take nothing from moving defendants, and

3. That judgment be entered in favor of the moving defendants; and

4. For such other relief as the court deems just.

Dated: October 11, 2007

          Respectfully submitted,

          EDMUND G. BROWN JR.
          Attorney General of the State of California
          TOM BLAKE,
            Deputy Attorney General


          By:_____
              TOM BLAKE

          Attorneys for the Defendants Superior Court of California, County of Santa Cruz and the Honorable Irwin Joseph, Commissioner of the Superior Court

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Moving defendants are the Superior Court, County of Santa Cruz and the Honorable Irwin Joseph, a Commissioner of the Superior Court who has heard marital dissolution and child custody matters involving plaintiff. The plaintiff is a pro se litigant in the family law matter. Plaintiff's complaint, not a model of clarity and lacking both a signature and a prayer for relief,[1] apparently seeks the District Court's intervention in what can best be characterized as a difficult domestic relations matter: an unhappy marital dissolution that was or is being adjudicated in Santa Cruz as Superior Court case No. FL 023983. The plaintiff alleges that the judicial officer presiding in his marital dissolution case has misapplied California and Michigan law in his family case (e.g., Compl., pp. 6, 8), and that certain of the Commissioner's rulings favored the opposing spouse (see, e.g., Compl., pg. 7, 24 -27).

### ARGUMENT

### I.

**UNDER THE ROOKER-FELDMAN DOCTRINE AND THE DOMESTIC RELATIONS EXCEPTION, THE DISTRICT COURT LACKS JURISDICTION TO REVIEW STATE COURT JUDGMENTS AND ORDERS.**

The plaintiff is dissatisfied with the results of state court family litigation, but this federal court is not the appropriate place to relitigate the state court decisions that he disputes. Federal district courts are not appellate tribunals empowered to review state court actions for alleged errors. *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970). A federal court has no jurisdiction over issues that are "inextricably intertwined" with allegations underlying the judgment of a state court. In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983), the U.S. Supreme Court held that district courts may exercise only original jurisdiction. The U.S. Supreme Court has exclusive jurisdiction to review

---

1. The complaint as served on the Superior Court on August 9, 2007 ends abruptly after page 12 and contains neither a signature nor a prayer for relief. It was, however, served along with a summons from this court and copious exhibits, mostly transcripts of domestic relations hearings.

state decisions. *Id.* at 486. See also 28 U.S.C. §1257.

The complaint asks this district court to review the Superior Court's conduct of litigation, but the district court is powerless to do so. See *Barry v. Brower*, 864 F.2d 294, 300 (3rd Cir. 1988) [principles of federalism preclude a federal court's direct interference with a state court's conduct of state court litigation]. The federal district courts lack jurisdiction to review state court judgments. *Allah v. Superior Court of the State of California*, 871 F.2d 887, 890-91 (9th Cir. 1989); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923).

Further, district courts lack jurisdiction to review final state court determinations even when the challenge to the state court decision involves federal constitutional issues. *Branson v. Nott*, 62 F.3d 287, 291-92 (9th Cir. 1995); *Worldwide Church of God v. McNair*, 805 F.2d 888, 890-891 (9th Cir. 1986). Characterizing the action as a general constitutional challenge, such as by styling a state court family law decision a denial of civil rights or denial of equal protection, is of no avail to plaintiff. District courts have no jurisdiction where it appears on the face of the complaint that the action seeks, in effect, "a review of the merits of a state court action."[2]

As the court noted in *Louis v. Supreme Ct. of Nevada*, 490 F.Supp. 1174 (D.Nev. 1980):

> "If the constitutional issues had been raised in the State Supreme Court and decided erroneously, appeal to the United States Supreme Court would have been the only available procedure to correct the error; the jurisdiction of the U.S. District Courts is original only, and not appellate. [citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923)." (*Louis v. Supreme Ct. of Nevada, supra*, 490 F.Supp. 1174, 1179.)

This court should dismiss the action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because this lawsuit is "inextricably intertwined" with the plaintiff's state court litigation and *Feldman, supra*, holds that it is impermissible for district courts to evaluate claims inextricably intertwined with state court decisions. Further, the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 42 (1971) militates for dismissal of this matter.

---

2. A district court may, *sua sponte*, sanction such a frivolous and abusive attempted use of judicial process by awarding attorney fees under 42 U.S.C. §1988. *Branson v. Nott, supra*, 62 F.2d at 292.

Notice of Hearing; Motion to Dismiss Complaint; Points and Authorities   Case No. CV-07-3858 MHP

## II.

### THIS COURT LACKS JURISDICTION UNDER THE DOMESTIC RELATIONS AND PROBATE EXCEPTIONS TO FEDERAL COURT JURISDICTION.

Under the domestic relations exception to federal jurisdiction, recognized in *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992), this federal court does not have jurisdiction. To the extent that the complaint seeks to relitigate child custody matters, the probate exception to federal jurisdiction, recognized in *Markham v. Allen,* 326 U.S. 490, 494 (1946), is also applicable.

The relief sought here pertains to matters which are traditionally the subjects of state law. Those issues were adjudicated and overseen in the Santa Cruz Superior Court litigation. The relief sought here would require this federal court to redetermine the family law case.

Plaintiff alleges that a judicial officer misapplied California family law (see, e.g., Compl., pg. 5, lines 3-6, 27) and probate law (see, e.g., Compl., pg. 8, lines 12-17). A federal court lacks authority to decide such domestic relations and probate issues. *McIntyre v. McIntyre*, 771 F.2d 1316, 1317-1318 (9th Cir. 1985). In *McIntyre*, the Court emphasized that:

> "If the status of parent and child or husband and wife is the primary issue in a case, a federal court must decline jurisdiction. *Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir.1968). It follows that the exception to jurisdiction arises in those cases where a federal court is asked to grant a decree of divorce or annulment, or to grant custody or fix payments for support, the rationale being that those actions are close to the historical concept of an ecclesiastical action and peculiarly within the province of the state courts. *Csibi v. Fustos,* 670 F.2d 134, 137 (9th Cir.1982)." *McIntyre v. McIntyre, supra,* 771 F.2d at 1317-18.

In applying the "domestic relations exception" to the exercise of federal jurisdiction, the Supreme Court holds that the exception "divests the federal courts of the power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards, supra,* 504 U.S. 689, 703. The Ninth Circuit has held that the domestic relations exception applies in cases arising under federal question jurisdiction where the dispute would "deeply involve" the court in adjudicating domestic matters. *See Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986).

### III.

### ABSOLUTE JUDICIAL IMMUNITY BARS THIS SUIT AGAINST THE STATE'S COURTS AND JUDICIAL OFFICERS.

As the moving defendants are sued for acts in conjunction with the adjudication of plaintiff's state court case, they are cloaked in judicial immunity. It is not clear from the complaint precisely what decisions or acts of the moving defendants are alleged to have injured plaintiff; the instant complaint alleges a wide variety of judicial decisions in the marital dissolution/child custody action. Because the complaint in essence alleges that errors in judicial determinations in a case before the Superior Court caused injury to plaintiff, there is absolute judicial immunity.

The U.S. Supreme Court long ago established the rule that judges are immune from civil suits arising out of the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9 (1991); *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Indeed, "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own conviction, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 346 (1872).

The immunity is broadly construed for sound public policy reasons. The United States Supreme Court set forth the scope of judicial immunity in *Pierson v. Ray, supra*, 386 U.S. 547 (1967):

> "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it is ***not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence*** and without fears of consequences [citations]." (386 U.S. 547, at 554; emphasis added.)

In *Stump v Sparkman*, 435 U.S. 349 (1978), the Supreme Court reiterated that judicial officers are entitled to judicial immunity for any "judicial act:"

> "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only in the 'clear absence of all jurisdiction.'[citation.]" (435 U.S. 349, at 356-357.)

Judicial officers are absolutely immune from section 1983 liability for their judicial acts, "even when such acts are in excess of their jurisdiction, and are alleged to have been done

maliciously or corruptly." *Stump v. Sparkman, supra*, 435 U.S. 349, 356 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. *Stump v. Sparkman, supra*, 435 U.S. at 362. In *Crooks v. Maynard*, 913 F.2d 699, at 701 (9th Cir. 1990), the Court of Appeals cites *Stump, supra* for the proposition that, in this context, jurisdiction is to be broadly construed.

Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996)(superceded by statute as to other grounds, *Meinhold v. Sprint Spectrum, L.P.*, 2007 WL 1456141 (E.D. Cal. 2007)). This immunity is not merely as to suits for damages but extends also to declaratory, injunctive, or other forms of equitable relief. *Moore, supra*, 1243-44.

## IV.

### THE ELEVENTH AMENDMENT BARS THIS SUIT.

To the extent that the plaintiff alleges that the Superior Court, an arm of the State of California, is liable for judicial decisions, the suit is directed against the State itself and is therefore barred by the Eleventh Amendment. The State, its agencies, and its judicial officers in their official capacities are immune from suit in federal court by reason of the Eleventh Amendment of the United States Constitution. The Eleventh Amendment bars such suits in federal court unless the defendant has waived immunity or Congress has exercised its power under the Fourteenth Amendment to override that immunity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1967).

The Eleventh Amendment bar applies to suits seeking injunctive or declaratory relief against a state or its agencies as well as to suits seeking damages. *Alabama v. Pugh*, 438 U.S. 781 (1973). In *Pugh, supra*, the State of Alabama and its Department of Corrections maintained that a mandatory injunction against them was unconstitutional because the Eleventh Amendment prohibits federal courts from entertaining suits against states and their agencies. The U.S. Supreme Court agreed:

> "There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit." (*Alabama v. Pugh, supra*, 438 U.S. 781, 782.)

The Eleventh Amendment bars suits that seek either damages or injunctive relief against a state, an arm of a state, or the state's instrumentalities or agencies of a state. *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991). Thus, the State, the state courts, and the State's judicial officers in their official capacities are entitled to Eleventh Amendment immunity. *Austin v. State Indus. Insur. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991); *Franseschi v. Schwartz*, 57 F.3d 828, 830-31 (9th. Cir. 1994); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987).

V.

**THE STATE OF CALIFORNIA, THE STATE'S COURTS, AND THE STATE'S JUDICIAL OFFICERS ACTING IN THEIR OFFICIAL CAPACITY ARE NOT "PERSONS" SUBJECT TO 42 U.S.C. §1983.**

Plaintiff alleges jurisdiction under 42 U.S.C. section 1983 (Compl. pg 1, line 9). However, only a "person" may be sued under 42 U.S. Code §1983. The United States Supreme Court, after extensive review of the legislative history of section 1983, has held that the States and their agencies are not "persons" within the meaning of section 1983. *Will v. Michigan Dep't of State Police, supra*, 491 U.S. 58, 65. The State is not a "person" for purposes of 42 U.S.C. section 1983. *Will, supra; Quern v. Jordan*, 440 U.S. 332, 341 (1979). Accordingly, plaintiff's action against the judicial branch of California state government and its judicial officers in their official capacity is barred.

## CONCLUSION

For the foregoing reasons, and because amendment would be patently futile, the complaint

should be dismissed with prejudice.

Dated:  October 11, 2007

EDMUND G. BROWN JR., Attorney General
  of the State of California
TOM BLAKE, Deputy Attorney General


By: _____/s/ Tom Blake_____
       TOM BLAKE

Attorneys for the Superior Court of California, County of Santa Cruz and the Honorable Irwin Joseph, Commissioner of the Superior Court

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **HOWARD, Hugh v. Superior Court**

No.:   **C 07-3858-GMC**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On October 11, 2007, I served the attached **NOTICE OF HEARING; MOTION TO DISMISS COMPLAINT [Rule 12(b), F.R.C.P., ]; POINTS AND AUTHORITIES IN SUPPORT THEREOF** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:


Hugh Howard
P. O. Box 2216
Willits, California 95490


I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on October 11, 2007, at San Francisco, California.

|  Marlene Dong  |  /s/ Marlene Dong  |
| :---: | :---: |
|  Declarant  |  Signature  |

20109152.wpd