1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  TOM BLAKE
   Deputy Attorney General
3  State Bar No. 51885
     455 Golden Gate Avenue, Suite 11000
4    San Francisco, CA 94102-3664
     Telephone: (415) 703-5506
5    Fax: (415) 703-5480
     Email: tom.blake@doj.ca.gov
6
   Attorneys for Defendants the Superior Court of
7  California, County of Santa  Cruz and the Honorable
   Irwin Joseph, Commissioner of the Superior Court
8
                   IN THE UNITED STATES DISTRICT COURT
9
               FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
                       SAN FRANCISCO DIVISION
11

12  **HUGH HOWARD,**                          C-07-3858 MHP

13                            Plaintiff,      **ADMINISTRATIVE MOTION FOR
                                              LEAVE OF COURT TO FILE
14              v.                            MOTION TO DISMISS AND TO
                                              CLARIFY CALENDARING OF
15  **THE SUPERIOR COURT OF CALIFORNIA,**     **CASE MANAGEMENT
    **SANTA CRUZ COUNTY, DEPARTMENT 4,**      CONFERENCE**
16                                            **[Civil L.R. 7-11]**
                              Defendants.
17

18              **NATURE OF ACTION; PROCEDURAL STATUS**

19        Moving defendants are the Superior Court, County of Santa Cruz and a Commissioner of the

20  Superior Court who has heard plaintiff's marital dissolution and child custody matters in state court.

21  The plaintiff alleges that the family law commissioner misapplied California and Michigan probate

22  and family law (e.g., Compl., pp. 6, 8), and that certain of the Commissioner's rulings favored the

23  opposing spouse (see, e.g., Compl., pg. 7, 24 -27).

24        **By this motion, the moving defendants respectfully request that the motion to dismiss**

25  **be heard before a Case Management Conference is held.  Moving defendants believe that the**

26  **motion to dismiss will make a Case Management Conference moot.**

27        The defendants, the State of California's trial court and a judicial officer, are immune by

28  reason of absolute judicial immunity and the Eleventh Amendment.  Further, to the extent that

1  plaintiff's claims can be discerned from the complaint, those claims are barred by the *Rooker-*

2  *Feldman*[1] and domestic relations and probate exceptions to federal jurisdiction.

3      The State Superior Court and the Commissioner had filed a motion to dismiss before this

4  case was reassigned from a Magistrate Judge. The moving parties construed the Court's October 9,

5  2007 reassignment order, which included a direction to refile all pending motions, as leave of court

6  to re-notice their motion to dismiss. Accordingly, the judicial defendants re-noticed their motion for

7  November 19, 2007. That date does appear on the Pacer docket report; however, court staff has

8  indicated that further leave of court is required for the motion to dismiss to be heard before a Case

9  Management Conference. There is, according to the Pacer Report, a Case Management Conference

10  for that same afternoon, November 19, 2007. However, in light of the court staff communication

11  and the plaintiff's "Request for Extension" that is attached as Exhibit A, is not entirely clear that the

12  motion to dismiss is actually on calendar. The Pacer report does not indicate that the "Request for

13  Extension" has been filed (or acted upon the Court). The plaintiff's Request for Extension was

14  received by defendants but does not appear on the Court's Pacer report.

15      Plaintiff is in *pro se* and could not be reached by telephone; according to his Request for

16  Extension (Exh. A), he is homeless in Willits, California and intends to oppose the Motion to

17  Dismiss after obtaining transcripts of the family law proceedings.

18                              **GROUNDS FOR REQUEST**

19      As noted above, the initial case management conference is scheduled for November 19, 2007,

20  but given the viability of the state court's motion to dismiss, it would appear premature and wasteful

21  of judicial resources to hold the conference before the Rule 12(b) motion is heard. Obviously, if the

22  motion to dismiss is granted, as the state judicial defendants believe proper, the conference would

23  be moot. The Court has the authority to modify the case management schedule. See Civil L.R. 16-

24  2(d). As moving defendants believe that the Rule 12(b) motion will be dispositive, they respectfully

25  request that no Case Management Conference be held until after the Rule 12(b) Motion to Dismiss

26

27  _____

28  1. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486-87 (1983).

1    has been heard.

2                              **CONCLUSION**

3         For the reasons set out above, moving defendants respectfully ask that this Court:

4    •    If further leave of court is required, grant leave to the defendants to allow their heretofore-

5         filed motion to dismiss to be heard at a date convenient to the Court and plaintiff (who has

6         requested an unspecified continuance beyond October 17, 2007) before a Case Management

7         Conference is held;

8    •    Set a date and time for hearing on the heretofore-filed Motion to Dismiss that is convenient

9         to the Court and plaintiff; and

10   •    Order the Case Management Conference off calendar pending the disposition of the Motion

11        to Dismiss.

12

13        Dated:  October 24, 2007

14                         Respectfully submitted,

15                         EDMUND G. BROWN JR.
                           Attorney General of the State of California

16

17                         /s/ Tom Blake

18                         TOM BLAKE
                           Deputy Attorney General

19                         Attorneys for Defendants the Superior Court of California,
                           County of Santa  Cruz and the Honorable Irwin Joseph,
20                         Commissioner of the Superior Court

21

22

23

24

25

26

27

28

---

EXHIBIT A

Hugh Howard
PO BOX 2216
Willits, California 95490

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| HUGH HOWARD<br>Plaintiff,<br><br>V<br>THE SUPERIOUR COURT OF CALIFORNIA<br>SANTA CRUZ COUNTY, DEPARTMENT 4:<br>and<br>COMMISSIONER IRWIN JOSEPH<br>Defendants, | Case Number: C-07 3858<br>Defendant's Motion to Dismiss<br>Set for October17thth2007<br><br>REQUEST FOR AN EXTENSION: |

**REQUEST FOR AN EXTENSION:**

I, Hugh Howard petition the District Court under FRCP 6(b) and CLR 6-3 request a extension of time, for what I would contend is excusable neglect. My intent is to prepare opposition to the defendant's motion, for the hearing they requested for October17th2007

- I am homeless it is a great burden to prepare documents in a timely fashion;
- There are no time restriction that would interfere with the case;
- I cannot obtain transcripts from a relevant hearing, even though they were paid for;
- It would do great harm to justice not to have these legal issues adjudicated properly;
- I want to motion the court for my participation in EMC;
- An opportunity for complying with Civil Local Code 37-1;
- Additional discovery;

Declaration of Hugh Howard:

It is my belief that the only issue the court will look at is my arguments for this "motion for an extension" and not the arguments of the original case, if this is true, it is really unfortunate that the merits of the original action aren't looked at.

If a citizen finds themselves in similar circumstances, and pleas "excusable neglect" requesting an extension is it suffices to say *"I'm homeless, and can't respond"* or has judicial institutions as it appears to me, moved away from protecting citizens to more interest in using timely filings as a weapon to negate their legal rights.

And what if that judicial institution, one you took an oath to "protect and defend" used your disability, in honoring that oath, and without due process, seized your home, and entitlements, as they did to me.

Now that same judicial institution walks down the block, at tax payer's expense files a motion to dismiss, calling me in effect "disgruntled" quoting the constitution in the process.   Is that judicial institution, in doing so, honoring their oath?   or am I, by asking for a redress of a grievance.

Why do I need more time?   Because they refuse to give me the documents (transcripts for June 14 hearing) I paid for. I would like to show this court why they won't.

You know what else I don't have? My kids; my house; public utilities; indoor plumbing; friends; my legal records; drinking water; hot showers; cold showers; enough candles to keep typing; my doctor; clean cloths; enough money to pay my bills; and all of this the direct result of the judicial institution who can hire people to walk across the street, instead of admitting they are wrong, and apologize.

I declare under the penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on October 2nd 2007, in Willits California



October 2nd 2007

I reserve all my rights without prejudice:

2

**TITLE OF DOCUMENT**

## PROOF OF SERVICE

I the undersigned declare that:

That I live in the County of Mendocino, California;  I am over the age

of eighteen years and am not a party to the within cause and my address is:

*1722B South Main, Willits, CA. 95490*

On this __*2*__ day of __*Oct.*_____, 2007

I served the following documents on the interested parties in said cause, by placing a true and correct copy thereof enclosed in a sealed envelope, provided with enough postage

1.  Request for an extension, with declaration:  Case Number C-07-3858

**Addressed as follows:**

TOM BLAKE, Deputy Attorney General

455 Golden Gate Ave  Suite 11000

San Francisco, CA. 94102-7004

By mail, having full knowledge of the outgoing mail system of the US Post Office,

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on this __*2*__ day of __*Oct.*_____2007

Print your name: *LeAnn Schnitzius*

Sign your name: *LeAnn Schnitzius*

H. Howard
P.O. Box 2216
Willits, CA
95490

NORTH BAY CA 949
02 OCT 2007 PM 3 L

94102+38660

Tom Blake
455 Golden Gate Ave. Suite 1100
San Francisco, California

94102-7004

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **HOWARD, Hugh v. Superior Court**

No.:   **C 07-3858-GMC**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On October 25, 2007, I served the attached ADMINISTRATIVE MOTION FOR LEAVE OF COURT TO FILE MOTION TO DISMISS AND TO CLARIFY CALENDARING OF CASE MANAGEMENT CONFERENCE [Civil L.R. 7-11] by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Hugh Howard
P.O. Box 2216
Willits, California

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on October 25, 2007, at San Francisco, California.

| Lorraine Smith | /s/ Lorraine Smith |
|---|---|
| Declarant | Signature |

40182054.wpd