UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HUGH HOWARD,

               Plaintiff,

  v.

SUPERIOR COURT OF CALIFORNIA, SANTA CRUZ COUNTY and COMMISSIONER IRWIN JOSEPH,

               Defendants.
_____/

No. C 07-3858 MHP

**MEMORANDUM & ORDER**
**Re: Motion to Dismiss**

       On July 27, 2007 plaintiff Hugh Howard filed a complaint against the Superior Court of California in Santa Cruz county and Commissioner Irwin Joseph, alleging that the judicial officer presiding in his martial dissolution case violated 42 U.S.C. section 1983 in various ways. Now before the court is defendants' motion to dismiss.

       A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Because Rule 12(b)(6) focuses on the "sufficiency" of a claim—and not the claim's substantive merits—"a court may [typically] look only at the face of the complaint to decide a motion to dismiss." Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

       Plaintiff's claims against the Superior Court and the Commissioner are barred because this

court lacks subject matter jurisdiction. "As courts of original jurisdiction, [district courts] do not have jurisdiction over direct challenges to final decisions of state courts, even if those challenges allege that the state court's action was unconstitutional." Allah v. Superior Court, 871 F.2d 887, 890–91 (9th Cir. 1989). "This rule applies even though the direct challenge is anchored to alleged deprivations of federally protected due process and equal protection rights." Id.; District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 484–87 (1983). Indeed, this is a fundamental tenet of our federalist system: Federal district courts are courts of limited jurisdiction, and may only exercise original jurisdiction; the United States Supreme Court has exclusive jurisdiction to review state decisions. 28 U.S.C. § 1257; Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Because the complaint seeks a review of the merits of a state court action, this district court is powerless to adjudicate plaintiff's claims. Furthermore, there is nothing plaintiff can do to cure the deficiencies in his complaint.

At the hearing and in his papers plaintiff cites to the Supreme Court's decision in Mansell v. Mansell, 490 U.S. 581 (1989), complaining that the state court judge failed to follow that ruling and apparently believing that Mansell gives this court jurisdiction. Plaintiff misreads Mansell, at least in the latter respect. That case addressed the effect of federal law on what constitutes community property that may be divisible upon divorce. It does not authorize review of state court divorce proceedings in federal court where a party claims the state court got it wrong. Merely because the particular federal statute in that case was held to preempt state law does not mean that domestic relations matters which are "preeminently matters of state law" are transformed into federal actions. The Supreme Court concludes that the federal statute in question "does not grant *state courts* the power to treat as property divisible upon divorce" certain military retirement pay. Id. at 2032 (emphasis added). It is clear, however, that divorce proceedings and matters related to them remain in the state court. What the Supreme Court is saying is that the state court must follow federal law.

Plaintiff is advised to note in Mansell the proper avenue for review, as this court indicated at the hearing. A review of Mansell shows that the case came before the United States Supreme Court via an appeal from the California Superior Court and then the California Court of Appeal, the

1  California Supreme Court having denied a petition for review.  The United States Supreme Court
2  then remanded the case back to the California Court of Appeal.  The case did not come into the
3  federal judicial system via a complaint initiated in the federal district court.
4        Defendants also argue that this court must dismiss because of: 1) the domestic relations
5  exception to federal court jurisdiction; 2) defendants' absolute immunity; 3) the eleventh
6  amendment bar; and 4) the fact that defendants are not "persons" under section 1983.  Though
7  defendants' arguments regarding these issues are well briefed, the court does not reach them since
8  the lack of jurisdiction on the grounds stated is fatal to plaintiff's case.

## CONCLUSION

For the foregoing reasons, the court hereby GRANTS defendants' motion to dismiss plaintiff's complaint in its entirety without prejudice as to any claims he may have for review in state court.

IT IS SO ORDERED.

Dated: December 11, 2007

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California